[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on May 31, 1978 in Salonica, Greece. The plaintiff has resided continuously in this state since June 1978. There is one minor child issue of the marriage, George Batzios, born August 16, 1979.
The evidence presented at trial has clearly established the allegations that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that CT Page 1779 ground.
The court has carefully considered the criteria set forth in 46b-56, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The defendant testified he had given the plaintiff wife a "few hits" during the course of the marriage. As a result of a disturbance at the marital home in 1989, the police were called and the plaintiff obtained a restraining order against the defendant. The plaintiff complained about the defendant's drinking and his physical abuse toward her and their minor child.
Unfortunately, the parties were unable to resolve their marital difficulties. No useful purpose would be served by reviewing all the evidence presented at trial. Sufficient evidence was presented for the court to find that the marriage has irretrievably broken down.
The major asset of this marriage is the marital home. The plaintiff indicated its value at $130,000; the defendant indicated a value of $200,000 to $225,000. The house was appraised for a refinancing in August 1989 for $250,000. The first mortgage is in the amount of $70,000. There is a second mortgage of $25,000. The funds from the second mortgage were loaned to the plaintiff's son-in-law and the son-in-law currently makes the monthly payment on this second mortgage.
The parties were married in Greece and both parties are of Greek background. The plaintiff aged 46 does not read or write english — although she has been in this country for 25 years. The husband, aged 47, is a citizen of this country and has lived in Connecticut since July 1978 shortly after the marriage. He has been continuously employed except for one year, approximately 1987 during which he received unemployment benefits of approximately $210 per week. He is presently employed as a helper earning $7.50 per hour for a 40 hour week plus overtime. He claims a net of $225 per week. The plaintiff has worked continuously throughout the marriage. At the time of her marriage to the defendant, she had savings of at least $15,000 in her savings account. She is presently working at the Norwalk Hospital, earning approximately $255 net per week. In addition, part of the marital home is rented and produces rental income of $600 per month.
The plaintiff's home was purchased in March 1981 for $70,000. The down payment of $30,000 came from the plaintiff's funds and the balance was financed by a first mortgage of CT Page 1780 approximately $40,000. In August 1987, the first mortgage was refinanced. The proceeds from the refinancing, approximately $27,000 were placed by the defendant in two separate bank accounts. The plaintiff had no access to these funds. The defendant testified that $10,000 of this money was used for remodeling of the kitchen. The defendant used $4,000 for a motor vehicle and $3,000 for a trip to Greece. The defendant claims the rest of the money is gone. The bank books were not presented nor were any bills relating to the kitchen remodeling presented. The defendant testified he used these funds for his car repairs and dinners. When the defendant closed the Norwalk account, he withdrew $1,300. The plaintiff has been paying the first mortgage since the parties separated in 1989.
The following orders shall enter.
Real Estate
By way of a lump sum property settlement, the defendant shall quit claim his interest in the marital property located at 63 Clinton Avenue, Norwalk, Connecticut to the plaintiff. The plaintiff shall be responsible for the first and second mortgages on said premises and shall hold the defendant harmless therefrom. In the event the defendant does not execute the appropriate quit claim deed within 30 days after the date hereof, then title shall transfer to the plaintiff in accordance with 46b-81 of the Connecticut General Statutes.
Alimony
The defendant shall pay to the plaintiff as alimony the sum of $1.00 per year until the death or remarriage of the plaintiff or until September 1, 1997, whichever event shall first occur.
Custody
Custody of the minor child is awarded to the plaintiff with rights of reasonable visitation to the defendant.
Child Support
The defendant shall pay to the plaintiff as child support, the sum of $50 per week for the support of the minor child. This amount is slightly less than the support guidelines provide. The application of the guidelines would be inappropriate and inequitable in view of the distribution of the marital assets.
Medical Coverage CT Page 1781
The defendant shall provide and maintain medical coverage as is available at his place of employment for the benefit of the minor child. Any unreimbursed medical expenses shall be equally divided between the plaintiff and the defendant.
Debts
Each party shall be responsible for the debts as listed on their respective financial affidavits.
Personal Property
The household furniture and furnishings presently located in the marital home shall be sole property of the plaintiff.
An immediate withholding is ordered.
COPPETO, J.